UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH R. BEAGLE,

                      Petitioner,                    Case No. 2:17-cv-12760
                                                                Hon. Victoria A. Roberts
v.

ANTHONY STEWART,

                      Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Michigan prisoner Kenneth Beagle, ("Petitioner"), filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted in 2002 in the Allegan Circuit Court of first-degree criminal sexual conduct, and he was sentenced to 25 to 50 years' imprisonment. The petition raises a single claim: Petitioner's constitutional rights were violated by judicial fact-finding in scoring the sentencing guidelines. The Court finds that Petitioner's claim is without merit because it cannot be supported by clearly established Supreme Court law. Therefore, the petition will be summarily denied. The Court will also deny Petitioner a certificate of appealability and deny him permission to proceed on appeal in forma pauperis.

I. Background

Following his conviction and sentence Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising claims not pertinent to this action. The Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Beagle*, No. 247803 (Mich. Ct. App. May 12, 2003). Petitioner's application for leave to appeal in the Michigan Supreme

Court was denied. *People v. Beagle*, No. 124190 (Mich. Oct. 31, 2003).

Petitioner then filed his first motion for relief from judgment in the trial court, raising additional claims not present in this action. The trial court denied the motion on May 23, 2005. Petitioner filed a second motion for relief from judgment in the trial court that was denied on August 28, 2013.

Petitioner filed his third motion for relief from judgment in the trial court, raising one claim: "Pursuant to the United States Supreme Court's ruling of *Montgomery v. Louisiana*, [136 S.Ct. 718 (2016)], *Alleyene v. United States*, [133 S.Ct. 2151 (2013)], should be applied retroactively to defendant." The trial court denied the motion, finding that he was not entitled to retroactive application of those cases. Dkt. 1, App'x A. Petitioner appealed, but the Michigan Court of Appeals found that review of his successive motion for relief from judgment was barred by Michigan Court Rule 6.502(G). *People v. Beagle*, No. 334201 (Mich. Ct. App. Aug. 29, 2016). The Michigan Supreme Court subsequently denied relief under the same court rule. *People v. Beagle*, No. 154516 (Mich. Sup. Ct. May 2, 2017).

## II. Standard of Review

After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary if the petition is frivolous, obviously lacks merit, or if the necessary facts can be determined from the petition itself

without considering a response from the State. See *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, a habeas petitioner must show that the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). The analysis of a petitioner's claim is limited to consideration of "the law as it was 'clearly established' by [Supreme Court] precedents at the time of the state court's decision,'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

III. Analysis

Petitioner claims that the trial judge violated his Sixth Amendment right to a jury trial by using facts not proven beyond a reasonable doubt or admitted by Petitioner to score the offense variables of the Michigan Sentencing Guidelines to determine his minimum sentence range.[1]

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. See *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), where the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense

---

[1]Under Michigan law, only the minimum sentence of an indeterminate sentence is determined by the sentencing guidelines. See *People v. Babcock*, 469 Mich. 247, 255, n. 7 (2003). The maximum term of an indeterminate sentence is set by statute. See *People v. Claypool*, 470 Mich. 715, 730, n. 14 (2004).

3

must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), where the Supreme Court held that only factors that increase the maximum sentence, as opposed to the minimum sentence, must be proven beyond a reasonable doubt to a fact-finder. *Alleyne*, 133 S. Ct. at 2157-58.

Petitioner's conviction and sentence became final well before *Alleyne* was decided, and it was not made retroactive to cases on collateral review by the Supreme Court. See *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Because the Supreme Court did not require at the time of Petitioner's conviction that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, Petitioner cannot demonstrate entitlement to habeas relief. See *Gibson v. Tribley*, No. 10-13364, 2013 U.S. Dist. LEXIS 93404, 2013 WL 3353905, at * 8 (E.D. Mich. July 3, 2013).

Petitioner asserts that the holding in *Mazzio* was undermined by *Montgomery v. Louisiana*. Not so. In *Montgomery*, the Supreme Court held that *Miller v. Alabama*, 567 U.S. 460 (2012) (mandatory life sentences for juvenile offenders violate the Eighth Amendment), announced a new substantive constitutional rule that applied retroactively to cases on collateral review. *Montgomery*, 136 S. Ct. at 736. The Court explained that new substantive rules of constitutional law apply retroactively on collateral review, but new procedural rules do not:

> Even where procedural error has infected a trial, the resulting conviction or sentence may still be accurate; and, by extension, the defendant's continued confinement may still be lawful. For this reason, a trial conducted under a procedure found to be unconstitutional in a later case does not, as a general matter, have the automatic consequence of invalidating a defendant's conviction or sentence.

*Montgomery*, 136 S. Ct. at 730.

The Supreme Court did not make *Alleyne* retroactive, and the rule in *Alleyne* dictates only the procedure a criminal defendant must face when being sentenced. Unlike *Miller*, where the age

of the defendant provided the substantive element, *Alleyne* only mandates a jury finding for each additional fact contributing to an increase of the statutory mandatory minimum sentence, and it makes no reference to the status of the defendant or of the crime alleged. That is, a sentence imposed in violation of *Alleyne* may nevertheless be accurate, whereas a sentence imposed in violation of *Miller* is necessarily invalid. Accordingly, the rule announced in *Alleyne* is a procedural one under *Montgomery*, and it does apply retroactively to Petitioner's case. See *Perez-Colon v. O'Brien*, 2016 U.S. Dist. LEXIS 138342, *3, 2016 WL 5818564 (N.D. W. Va. Oct. 5, 2016) (*Montgomery* does not have any bearing on the retroactive application of *Alleyne* on collateral review).

Moreover, even if *Alleyne* applied retroactively, its holding is inapplicable to Petitioner's case because "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." See *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); see also *United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (unpublished) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circui have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (unpublished) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors. . . .").

Unlike *Alleyne*, the facts challenged by Petitioner in this case were used by the trial court to set a discretionary minimum term of his indeterminate sentence, and not a mandatory minimum term. The Sixth Circuit held that *Alleyne* did not decide the question whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished). Therefore, even if it applied retroactively, *Alleyene* does not provide a basis for resentencing Petitioner because it does not apply

5

to Michigan's sentencing scheme.

The Court is aware that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. See *People v. Lockridge*, 498 Mich. 358 (Mich. 2015). Petitioner cannot rely on *Lockridge* to obtain relief with this Court. The AEDPA standard of review found in 28 U.S.C. § 2254(d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. See *Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 U.S. Dist. LEXIS 35151, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; See also *Perez v. Rivard*, No. 2:14-CV-12326, 2015 U.S. Dist. LEXIS 74211, 2015 WL 3620426, at *12 (E.D. Mich., June 9, 2015) (petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*).

Accordingly, Petitioner cannot demonstrate entitlement to habeas relief as a result of the scoring of his sentencing guidelines by the trial court, and his petition will therefore be summarily denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a

different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claim is completely devoid of merit. The Court will therefore deny a certificate of appealability.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

S/Victoria A. Roberts  
Hon. Victoria A. Roberts  
United States District Judge

Dated: August 28, 2017